UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

CATHERINE DOE, as parent and
natural guardian of JHORDIN DOE, a minor,

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
       Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

## I. PRELIMINARY ALLEGATIONS

1.  CATHERINE DOE and JHORDIN DOE are citizens of the State of Missouri.  Defendant is a Corporation organized under the laws of Liberia with its principal place of business in Florida.

2.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of this Court.

3.  Defendant, at all times material hereto, personally or through an agent:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or country or had an office or agency in this state and/or county;

    b.  Was engaged in substantial activity within this state;

    c.  Operated vessels in the waters of this state;

1
Lipcon, Margulies, Alsina & Winkleman, P.A.

d.  Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f.  The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, Navigator of the Seas.

4.  Defendant is subject to the jurisdiction of the Courts of this state.

5.  JHORDIN DOE is a Minor.  Her name has been changed to protect her identity due to the sensitive nature of the facts of this case. JHORDIN DOE is represented in this action by her mother and natural guardian, CATHERINE DOE.

6.  CATHERINE DOE's name has been changed to protect the identity of her daughter, JHORDIN DOE.  The identity of Plaintiff is well known to Defendant.

7.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8.  At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, Navigator of the Seas.

9.  On or about July 22, and 23, 2014, JHORDIN DOE was a paying passenger on Defendant's vessel, which was in navigable waters.

10. On or about July 22 and 23, 2014, JHORDIN DOE, who was 16 years old, was sexually assaulted and/or coerced into repeatedly performing multiple sexual acts by one of Defendant's crewmembers aboard Defendant's vessel, Navigator of the Seas.

Lipcon, Margulies, Alsina & Winkleman, P.A.

11. At all times material hereto, JHORDIN DOE, was and is a minor.  At all times material hereto, Defendant's crewmember who sexually assaulted and/or coerced JHORDIN DOE was an adult.

12. Instances of rapes and/or sexual assault occur aboard Defendant's vessels at an alarming rate.  Yet Defendant fails to take adequate steps or provide adequate security to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic and rape and sexual assault at sea.  Defendant's motive for failing to warn its passengers is financial in nature; that is, Defendant willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away.  Such willful and outrageous conduct on the part of the defendant exposes them to punitive damages. *See Lobegeiger v. Celebrity Cruises, Inc., No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXIS 93933 (S.D. Fla. Aug. 23, 2011).*

## II. CAUSES OF ACTION

### COUNT I – NEGLIGENCE FOR SEXUAL ASSAULT/RAPE

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 12 as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide JHORDIN DOE with reasonable care under the circumstances while she was a passenger aboard the Navigator of the Seas.

14. On or about the above date, JHORDIN DOE was injured due to the fault and negligence of Defendant, and/or its agents, servants and/or employees as follows:

Lipcon, Margulies, Alsina & Winkleman, P.A.

a.  Failing to provide reasonably safe conditions for Plaintiff JHORDIN DOE aboard Defendant's vessel. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein crewmembers could rape and/or sexually assault passengers and/or coerce passengers to perform sexual acts; and/or

b.  Failing to undertake reasonable investigation of the offending crewmember's background, criminal record and employment history prior to hiring the crewmember; and/or

c.  Negligently hiring a crewmember who Defendant knew or should have known was a danger to female passengers; and/or

d.  Negligently hiring a crewmember who Defendant knew or should have known was a danger to minor passengers; and/or

e.  Continuing to employ and retain as a crewmember a person who Defendant knew or should have known posed a dangerous threat to the passengers, especially female passengers and/or minor passengers, including the Plaintiff; and/or

f.  Failing to adequately monitor and control the conduct of their crewmembers/employees including, but not limited to the offending crewmember; and/or

g.  Failing to adequately monitor passengers; and/or

h.  Failing to adequately monitor minor passengers; and/or

i.  Failing to protect their passengers, especially minors, from sexual assaults, physical batteries and/or rapes by Defendant's crewmembers/employees; and/or

Lipcon, Margulies, Alsina & Winkleman, P.A.

j.  Failing to protect their passengers, especially minors, from being coerced by Defendant's crewmembers/employees to perform sexual acts; and/or

k.  Failing to provide adequate training for their crewmembers/employees in regard to interactions with passengers; and/or

l.  Failing to adequately warn passengers of the dangers presented by its crewmembers/employees; and/or

m. Failing to adequately monitor passengers, especially minor passengers, so as to keep them away from dangerous crewmembers/employees and/or dangerous situations; and/or

n.  Failing to adequately monitor common areas on the ship to protect passengers; and/or

o.  Failing to provide adequate supervision and/or security for minor passengers aboard its vessels; and/or

p.  Failing to promulgate and/or enforce policies and/or procedures designed to prevent crewmembers from sexually assaulting and/or raping passengers aboard the ship; and/or

q.  Failing to promulgate and/or enforce policies and/or procedures designed to prevent passengers from becoming sexually assaulting/raping passengers aboard the ship; and/or

r.  Failing to promulgate and/or enforce policies and/or procedures designed to prevent crewmembers from coercing passengers to perform sexual acts aboard the ship; and/or

Lipcon, Margulies, Alsina & Winkleman, P.A.

s. Defendant violated the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from sexual assault and/or rape aboard Defendant's ships, all of which caused Plaintiff to be injured.

15. As a direct and proximate result of the negligence of Defendant, JHORDIN DOE was directly and proximately caused to be sexually assaulted and/or physically battered and/or raped and/or coerced into repeatedly performing multiple sexual acts by a crewmember.

16. As a result of the foregoing, the Plaintiff JHORDIN DOE was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT II – VICARIOUS LIABILITY

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 12 as though alleged originally herein.

17. At all times material hereto, the crewmember that raped and/or sexually assaulted the Plaintiff and/or coerced the Plaintiff into repeatedly performing multiple sexual acts was

Lipcon, Margulies, Alsina & Winkleman, P.A.

hired and retained by, as well as in the employ of, Defendant for service as a crewmember during said voyage.

18. At all times material hereto, Defendant was and is vicariously liable for the tortuous actions of its crewmembers/employees.

19. Defendant breached its contractual duty to the Plaintiff when Defendant's crewmember/employee assaulted and/or raped the Plaintiff and/or coerced the Plaintiff into repeatedly performing multiple sexual acts aboard Defendant's vessel, Navigator of the Seas.

20. As a result of the foregoing, the Plaintiff JHORDIN DOE was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise.

   **WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law, including Punitive damages, against the Defendant and demands trial by jury.

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
Attorneys for Plaintiff
Suite 1776, One Biscayne Tower
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Fax:      (305) 373-6204
Email: jmargulies@lipcon.com

By     */s/Jason R. Margulies*
          JASON R. MARGULIES

FLORIDA BAR NO. 57916
JACQUELINE GARCELL
FLORIDA BAR NO. 104358

Lipcon, Margulies, Alsina & Winkleman, P.A.